UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID B. GARNER; and LINDA D. GARNER,

                  Appellants,

v.                                                      1:10-CV-0551
                                                           (GTS)

BANK OF RICHMONDVILLE,

                  Appellee.
_____

APPEARANCES:                                             OF COUNSEL:

LAW OFFICE OF ROBERT H. COHEN           ROBERT H. COHEN, ESQ.
   Counsel for Appellants
P.O. Box 570
Howes Cave, NY 12092

MACKENZIE & TALLENT                             CHARLES J. TALLENT, ESQ.
   Counsel for Appellee
P.O. Box 330
42 Church Street
Canajoharie, NY 13317-0330

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      After carefully considering the above-captioned matter, the Court grants in part, and otherwise reserves decision on, Appellants' motion for a Preliminary Injunction and Temporary Restraining Order enjoining Appellee from conducting a foreclosure sale of Appellants' residence pending the Court's decision of Appellants' appeal from the Bankruptcy Court's Order of April 14, 2010.[1] The referenced foreclosure is stayed only until the Court has had the benefit of Appellee's response to Appellants' motion. Appellee is granted until May 21, 2010, by which

---

      [1] However large or small Appellants' success of appeal may appear at this point, the Court regards "the right to appeal as a valuable interest worth protecting and ensuring." *In re Howley*, 38 B.R. 314, 315 (Bankr. D. Minn. 1984).

to file that response.  Appellants are granted until May 24, 2010, by which to file their reply. The Court will issue its decision shortly thereafter, without oral argument (unless the parties are notified otherwise).

In its response, Appellee is advised to fit its arguments in the framework of the four-pronged test for determining whether to grant a motion for a stay pending an appeal (including a motion for a stay made to a bankruptcy appellate panel): (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility (although less than a likelihood) of success on appeal, and (4) the public interests that may be affected.  See *Lurgi, Inc. v. Northeast Biofuels, LP*, 09-CV-0024, 2009 WL 910042, at *4 (N.D.N.Y. Apr. 2, 2009) (Suddaby, J.) (citations omitted).  In addition, Appellee is invited to addresses the applicability, if any, of the Anti-Injunction Act, 28 U.S.C. § 2283, which limits the authority granted to federal courts by the All Writs Act, 28 U.S.C. § 1651(a).

**ACCORDINGLY**, it is

**ORDERED** that Appellants' motion for a Preliminary Injunction and Temporary Restraining Order (Dkt. No. 1) is **GRANTED in part**, and **otherwise RESERVED ON**, until the Court has had the benefit of further briefing on that motion; and it is further

**ORDERED** that Appellee shall file its response to Appellants' motion, if any, on or before **MAY 21, 2010**; and it is further

**ORDERED** that Appellant shall file their reply, if any, on or before **MAY 24, 2010.**

Dated: May 12, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge