UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID B. GARNER and LINDA D. GARNER,

                Appellants,

v.                                            1:10-CV-0551
                                                 (GTS)

BANK OF RICHMONDVILLE,

                Appellee.
_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICE OF ROBERT H. COHEN        ROBERT H. COHEN, ESQ.
  Counsel for Appellant
P.O. Box 570
Howes Cave, NY 12092

MACKENZIE & TALLENT                     CHARLES J. TALLENT, ESQ.
  Counsel for Appellee
P.O. Box 330
42 Church Street
Canajoharie, NY 13317-0330

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

Currently before the Court is a motion by David B. Garner and Linda D. Garner ("Appellants"), pursuant to Fed. R. Bankr. P. 7062 and 8005, for a stay pending a decision on the appeal to this Court of the April 14, 2010, Memorandum-Decision and Order of the Bankruptcy Court, which dismissed Appellants' Chapter 13 Petition with prejudice. For the reasons set forth below, Appellants' motion for a stay is denied.

I.       RELEVANT BACKGROUND

        A.       Factual History Giving Rise to Current Action

Appellants own a residence and farm located at 205 Gardnersville Road, Seward, New York (the "real property"). On January 31, 1997, Appellants executed and delivered an

Adjustable Rate Note in the sum of $160,000.00 (the "Note") to Appellee. As security for the Note, Appellants granted Appellee a first security interest in the amount of $160,000.00 in their real property. Appellants defaulted on the Note on February 1, 2005. In October 2009, Appellants remained in default on the Note. Appellee scheduled a foreclosure sale for the real property on October 28, 2009. On October 27, 2009, Appellants filed a Chapter 13 Voluntary Petition in Bankruptcy Court, which effectively stayed temporarily the foreclosure sale.

### B.     Procedural History Giving Rise to Current Action

On October 27, 2009, Appellants filed a Chapter 13 Voluntary Petition in Bankruptcy Court. On November 11, 2009, Appellants filed a Chapter 13 Plan. On December 8, 2009, the U.S. Trustee filed an Objection to the Chapter 13 Plan. On January 6, 2010, Appellee filed (1) an Objection to Confirmation of the Chapter 13 Plan, and (2) a motion to dismiss the Chapter 13 case, or, in the alternative, a motion to terminate the automatic stay. On January 21, 2010, Appellants filed an Opposition Response to Appellant's motion. On January 28, 2010, the Bankruptcy Court held a confirmation hearing. On February 25, 2010, the hearing was continued.

On March 12, 2010, Appellants filed an Amended Chapter 13 Plan. On March 15, 2010, Appellee filed an Objection to Confirmation of the Amended Chapter 13 Plan. On March 23, 2010, the Bankruptcy Court held a confirmation hearing regarding the Amended Chapter 13 Plan. On April 6, 2010, the Bankruptcy Court continued, and concluded, the confirmation hearing. At the conclusion of the hearing, the Bankruptcy Court dismissed Appellants' Chapter 13 Petition with prejudice.

On April 14, 2010, the Bankruptcy Court issued a brief Memorandum-Decision and Order regarding the dismissal.

On April 28, 2010, Appellants filed a Notice of Appeal from the Memorandum-Decision and Order of April 14, 2010.  On May 7, 2010, Appellants filed a request for a stay pending appeal from Memorandum-Decision and Order of April 14, 2010.

On May 10, 2010, the Bankruptcy Court held a hearing regarding Appellant's motion for a stay, and denied the request from the bench.  In reaching its decision, the Bankruptcy Court noted that its dismissal of Appellant's bankruptcy petition and the appeal of the dismissal filed with this Court divested the Bankruptcy Court of continuing jurisdiction.

On May 12, 2010, Appellants filed the current action, seeking a stay of the Bankruptcy Court's Memorandum-Decision and Order of April 14, 2010.  On that same day, this Court granted in part, and otherwise reserved on, Appellants' motion.

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review of Bankruptcy Court Decision Denying Stay

"In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and de novo review to conclusions of law."  *Algonquin Power Income Fund v. Christine Falls of New York, Inc.*, 396 B.R. 106, 107 (N.D.N.Y. 2008) (Hurd, J.) [citations omitted].

### B.   Legal Standard Governing Motions for Stay Pending Appeal

The Second Circuit has established a four-pronged test for determining whether to grant a motion for a stay pending an appeal (including a motion for a stay made to a bankruptcy appellate panel): (1) whether the movant will suffer irreparable injury absent a stay; (2) whether a party will suffer substantial injury if a stay is issued; (3) whether the movant has demonstrated a substantial possibility (although less than a likelihood) of success on appeal; and (4) the public interests that may be affected.  *In Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1993);

*accord*, *In re Country Squire Assoc. of Carle Place, L.P.*, 203 B.R. 182, 183 (B.A.P. 2d Cir. 1996); *In re Turner*, 207 B.R. 373, 375 (B.A.P. 2nd Cir. 1997). This standard has rather routinely been applied to a motion for a stay of an order of a bankruptcy court, pending an appeal to a district court. *See*, *e.g.*, *In re Rossi*, 08-MC-0081, 2008 WL 4519008, at *1 (N.D.N.Y. Sept. 26, 2008) (Kahn, J.); *In re Brunswick Baptist Church*, 05-CV-1085, 2007 WL 294087, at *2 (N.D.N.Y. Jan. 25, 2007) (Kahn, J.).

"Failure to satisfy one prong of this standard for granting a stay will doom the motion." *In re Turner*, 207 B.R. 373, 375 (B.A.P. 2nd Cir. 1997), *accord*, *In re Bijan-Sara Corp.*, 203 B.R. 358, 360 (B.A.P. 2d Cir. 1996); *In re Deep*, 288 B.R. 27, 30 (N.D.N.Y. 2003) (Kahn, J.); *Covanta Onondaga Ltd. P'ship v. Onondaga County Resource Recovery Agency*, 02-CV-0492, 2002 WL 31399797, at *2 (N.D.N.Y. Oct. 24, 2002) (Munson, J.); *but see In re Adelphia Communications Corp.*, 361 B.R. 337, 346-47 (S.D.N.Y. 2007) (noting that, although "[a] number of lower courts within the Second Circuit have concluded that the failure of the movant to satisfy any one of the four factors on a motion for a stay pending appeal of a bankruptcy court order 'dooms the motion[, . . . the Second Circuit has never articulated such a rigid rule of law[, but has instead] . . . consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed"). As a result, "[t]he moving party must show 'satisfactory' evidence on all four criteria." *In re Bijan-Sara Corp.*, 203 B.R. 358, 360 (B.A.P. 2d Cir. 1996); *accord*, *In re Albert*, No. 99-31520, 2002 WL 1432663, at *3 (Bankr. S.D.N.Y. June 20, 2002); *In re Frankel*, 192 B.R. 623, 630 (Bankr. S.D.N.Y. 1996); *In re Charles & Lillian Brown's Hotel, Inc.*, 93 B.R. 49, 53-54 (Bankr. S.D.N.Y. 1988).

### III.   APPELLANTS' REQUEST FOR STAY OF THE DECISION AND ORDER

As explained above in Part II.B. of this Decision and Order, to obtain a stay, Appellants must show satisfactory evidence of all four prongs of the *Hirschfeld* test. Here, for the reasons

discussed below, Appellants have not shown satisfactory evidence of the second, third, and fourth prongs.

### A. Whether Appellants Will Suffer Substantial Injury if a Stay Is Issued

Appellee has been attempting to foreclose on Appellants' property based on Appellants' default since on or about February 21, 2007. On at least three separate occasions since February 21, 2007, Appellee has had its efforts frustrated. Pursuant to the note, the amount that Appellants owe Appellee continues to increase daily. Moreover, Appellants have indicated that they will not be able to post a bond to secure any potential diminution of Appellee's interest in the real estate during the appeal. For each of these reasons, the Court concludes that Appellee will suffer substantial injury if a stay is issued.

### B. Whether Appellants Have Demonstrated a Substantial Possibility of Success on Appeal

To succeed on its appeal from the Memorandum-Decision and Order of April 14, 2010 (which will be reviewed *de novo*), Appellants would have to show that their Chapter 13 case should not have been dismissed by the Bankruptcy Court with prejudice.

As an initial matter, Appellants are incorrect that dismissal of a case with prejudice is governed exclusively by 11 U.S.C. § 109(g). To the contrary, the Second Circuit has made clear that "bankruptcy courts [may] look to [11 U.S.C.] §§ 105(a) and 349(a) for their authority to impose th[e] sanction [of dismissal with prejudice]." *In re Casse*, 198 F.3d 327, 335, 339 (2d Cir. 1999) (holding that, pursuant to "§§ 105(a) and 349(a) of the Code[,] a bankruptcy court[ has the] power, in an appropriate case, to prohibit a serial filer from filing petitions for periods of time exceeding 180 days").

In addition, "[p]ursuant to 11 U.S.C. § 1307(c), on request of a 'party in interest,' a bankruptcy court may dismiss a Chapter 13 case 'for cause.'" *In re Rossi*, 08-MC-0081, 2008 WL 4519008, at *3 (N.D.N.Y. Sept. 26, 2008) (Kahn, J.) (citing *In re Plagakis*, 03-CV-0728,

5

2004 WL 203090, at *4 [E.D.N.Y. Jan. 27, 2004]). "Section 1307(c) provides a non-exhaustive list of 'causes' that constitute grounds for dismissal." *In re Rossi*, 2008 WL 4519008, at *3 (citing 11 U.S.C. § 1307[c]). For example, a court may dismiss a Chapter 13 case upon "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c). In addition, a court may dismiss Chapter 13 case when the plan that is not feasible. *See In re Villanueva*, 08-CV-20646, 2009 WL 2928496, at *3 (Bankr. D. Md. June 5, 2009) ("At the time of the hearing on the motion to dismiss, the Debtor was four months delinquent on his plan payments. Further, the Debtor's Schedules I and J state that the Debtor's monthly expenses exceed his income by $3,759. Therefore, his plan is not feasible. These facts alone would warrant the dismissal of the case nine months after the petition date.").

Here, the Bankruptcy Court dismissed Appellants' case with prejudice for essentially the following five reasons: (1) the fact that Appellants' latest plan was infeasible, despite the fact that they had more than a reasonable opportunity to submit amended plans under different theories; (2) the fact that Appellants had not shown cause for an evidentiary hearing regarding the feasibility of their latest plan by proffering some indicia of who their expert witness would be at that hearing (but rather had proffered that their sole evidence at that hearing would consist of Appellant David Garner's own testimony); (3) the fact that, in a relatively rare occurrence, the Government had objected to the evidentiary hearing proposed by Appellants based on the Government's repeated prior attempts to help Appellants to come up with a feasible plan, which Appellants were nonetheless unable to do; (4) the fact that the "background" of the parties' dispute was one that involved "multiple filings" by Appellants;[1] and (5) the fact that effect of the

---

[1] The Court notes that one of the multiple bankruptcy cases previously filed by Appellants was filed on the eve of foreclosure. (*Compare* Dkt. No. 3, Attach. 2 [Decision and Order issued September 25, 2007, confirming Referee's computations and ordering the foreclosure sale of Appellants' premises] *with In re Garner*, 07-12541 [Bankr. N.D.N.Y. filed Sept. 23, 2007]).

dismissal with prejudice was softened somewhat by Appellants' opportunity to file a motion for reconsideration based on a new theory that made "financial sense" (which Appellants chose not to do).[2]

Judge Littlefield's dismissal with prejudice is supported by the five above-described reasons. For example, one of those reasons was Appellants' failure to obtain an expert witness to assist them in any evidentiary hearing regarding the feasibility of their latest plan, despite a clear indication by Judge Littlefield that an expert witness was necessary. "Under the deferential 'clearly erroneous' standard, a reviewing court may not 'reverse the finding of a trier of fact simply because it is convinced that it would have decided the case differently." *In re Rossi*, 08-MC-0081, 2008 WL 4519008, at *3 (N.D.N.Y. Sept. 26, 2008) (Kahn, J.) (quoting *Anderson v. City of Bessamer City*, 470 U.S. 564, 573 [1985]). "The standard applies both to credibility assessments and 'physical or documentary evidence or inferences from other facts.'" *In re Rossi*, 08-MC-0081, 2008 WL 4519008, at *3 (N.D.N.Y. Sept. 26, 2008) (Kahn, J.) (quoting *Anderson*, 470 U.S. 565). Under the circumstances, Judge Littlefield's factual findings survive under the deferential "clearly erroneous" standard, including the resulting factual conclusion or inference that Appellants cannot demonstrate plan feasibility without expert testimony.

Another of the reasons offered by Judge Littlefield was Appellants' case-filing history, which included the filing of a bankruptcy case on the eve of foreclosure. "[I]t is well-established that filing a bankruptcy petition on the eve of foreclosure (or eviction) solely to obtain an automatic stay constitutes 'bad faith' and 'cause' to dismiss a Chapter 13 case." *In re Watkins*, 06-CV-1341, 2008 WL 708413, at *4 n.8 (E.D.N.Y. Mar. 14, 2008) (citing *In re Plagakis*,

---

[2]  The Court notes that, while Appellants did not fulfill their duty of providing the Court with a transcript of the hearing in question (perhaps due to the cost of such transcript), the Court obtained and carefully listened to an audio recording of the hearing, in chambers, out of special solicitude to Appellants.

03-CV-0728, 2004 WL 203090, at *4 [E.D.N.Y. Jan. 27, 2004]). Moreover, "[a] bankruptcy court's determination of 'bad faith' is a question of fact, and thus is reviewable under the clearly erroneous standard." *In re Plagakis*, 03-CV-0728, 2004 WL 203090, at *4 (E.D.N.Y. Jan. 27, 2004) (citations omitted). Under the circumstances, the Court cannot conclude that Judge Littlefield's dismissal with prejudice based on Appellants' bad faith was clearly erroneous.

For all of these reasons, the Court concludes that Appellants have failed to demonstrate a substantial possibility of success on appeal.

### C.     What Public Interest May Be Affected

"Parties objecting to [a] settlement and [ ] distribution scheme have a right to appellate review . . . [and] [d]istribution of the challenged settlement award before its validity has been tested would deprive those parties of that right." *In re Agent Orange*, 804 F.2d 19, 20 (2d Cir. 1986). Having said that, public interest favors preventing abuse of the Bankruptcy Code and the Bankruptcy System. *See, e.g., In re Connelly*, 195 B.R. 230, 235-36 (Bankr. W.D.N.Y. 1993). In addition, the public has an interest in "the swift and efficient resolution of bankruptcy proceedings," *In re Adelphia Commc'ns Corp.*, 361 B.R. at 367-68 (citation omitted), especially where the debtor has been afforded an opportunity to be heard.

Appellants have been afforded an opportunity to be heard on a number of occasions over the years, yet have failed to take the necessary steps to satisfactorily address their outstanding debt. Instead, Appellants course of conduct has been to file numerous bankruptcy petitions and motions, at least twice on the eve of foreclosure. In light of these facts, as well as the fact that two different courts have spent significant time and resources on Appellants' filings, the Court concludes that public interest favors denying Appellants' stay request.

For these reasons, the Court denies Appellants' motion for stay pending appeal.

**ACCORDINGLY**, it is

**ORDERED** that Appellants' motion, pursuant to Fed. R. Bankr. P. 7062 and 8005, for a stay pending a decision on the appeal to this Court of the Memorandum-Decision and Order of the Bankruptcy Court of April 14, 2010, is **DENIED**; and it is further

**ORDERED** that Appellee may recommence foreclosure proceedings.

Dated: June 16, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge